IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION


IN THE MATTER OF THE SEARCH      )
OF THE PREMISES LOCATED AT       )
200 NORTH MAIN STREET            )
ATMORE, ALABAMA                  )
                                 )
IN THE MATTER OF THE SEARCH      )   Magistrate No.
OF THE PREMISES LOCATED AT       )   10-00022-B
1150 WEST FRONT STREET           )
THOMASVILLE, ALABAMA             )
                                 )
IN THE MATTER OF THE SEARCH      )
OF THE PREMISES LOCATED AT       )
2193 MONROE STATION ROAD         )
MONROEVILLE, ALABAMA             )
                                 )
IN THE MATTER OF THE SEARCH      )
OF THE PREMISES LOCATED AT       )
2181 SOUTH HIGHWAY 21 BYPASS     )
MONROEVILLE, ALABAMA             )

                    **REPORT AND RECOMMENDATION**

    This action is before the Court on Alice Preyear Mobley, Lloyd Preyear and Preyear's Tax & Check Cashing Services, LLC's Motion for Return of Property From Evidence (Doc. 11) and Motion for Return of Property (Doc. 19), supporting briefs, and the Government's briefs in opposition. The Court held an evidentiary hearing on the movants' motions on August 5, 2010. Based upon the evidence presented at the hearing, and a review of movants' motions, supporting briefs, and the Government's briefs in opposition, the undersigned RECOMMNEDS that the

movants' motions be denied to the extent they seek to suppress evidence seized pursuant to the warrants, and the return of cash seized, but be granted to the extent that the movants seek the return of various records and data which the Government has copied and is needed for the operation of the movants' tax service[1].

**Background Facts**

On March 2, 2010, Special Agent Ruth Kroona, an agent with the Federal Bureau of Investigation, presented to the undersigned Magistrate Judge four applications for search warrants. Each of the applications incorporated by reference the affidavit of agent Ruth Kroona and "attachment A," which listed the items to be seized. The applications were granted, and the warrants, which incorporated by reference "attachment A," were issued. (Docs. 1, 2, 4, 8). "[A]ttachment A" was appended to each warrant, as was a picture of the property to be searched. Pursuant to the Government's request, the applications, with the attached affidavit, were placed under

---

[1] The instant motions were referred to the undersigned after the undersigned issued the search warrants that are the subject of the motions. Because the movants are seeking not only the return of the seized property, but also the suppression of the seized evidence in connection with any future criminal proceedings, the undersigned has, out of an abundance of caution, entered her conclusions as a report and recommendation. See United States v. Rogers, 2010 U.S. Dist. LEXIS 45434, n.7 (N.D. Ga. Apr. 12, 2010).

seal. (Docs. 1, 3, 5, 7).

Following the issuance of the warrants, FBI officials made arrangements to have the warrants, including the attachments, copied, and Special Agent Kroona spearheaded a meeting which included FBI agents and IRS agents to coordinate the search of the four properties, namely Preyear's Tax Service, located at 200 North Main Street in Atmore, Alabama, Preyear's Tax Service, located at 1150 West Front Street, Thomasville, Alabama, Preyear's Tax Service, located at 2181 South Highway 21 Bypass, in Monroeville, Alabama, and the residence of Alice Mobley, located at 2193 Monroe Station Road, Monroeville, Alabama. The warrants were simultaneously executed on March 4, 2010, at the above-referenced locations. The evidence is undisputed that the warrant, along with "attachment A," a picture of the property and an inventory of the property seized was left with an employee at the Thomasville location. However, at the other three properties, only the warrant, a picture of the premises, and an inventory of property seized were left. (Doc. 11, Exs. A, B, C, D; Doc. 18).

The movants contend that the warrants executed at 200 North Main Street in Atmore, Alabama, 2181 South Highway 21 Bypass, in Monroeville, Alabama, and 2192 Monroe State Road, Monroeville, Alabama were defective because they did not include "attachment A," which described the property to be seized. The movants

further assert that the language included on the front page of the warrant did not sufficiently describe the property to be seized. According to the movants, because "attachment A" was omitted from three of the warrants, the warrants served at three of the premises were not the warrants authorized by the Magistrate Judge; thus, the searches violated the Fourth Amendment, and the property seized is due to be suppressed[2]. In addition, the movants contend that assuming *arguendo* that the failure to present "attachment A" was only a violation of Fed. R. Civ. P. 41, the warrants should nevertheless be suppressed because there is evidence that the failure to include the attachment was intentional and deliberate. As evidence of such, the movants rely on the alleged statement of Quantina Jordan, an investigator for the IRS, purportedly made during a meeting with movants' counsel, approximately three weeks after the search, that it was not necessary to serve attachment "A" upon execution of the search warrants. Finally, movant Mobley argues that her business has been hampered because of the illegal seizure of property. She requests an evidentiary hearing and the return of the seized property, including the currency which was seized.

---

[2] The undersigned observes that it is not at all clear that a suppression request is appropriate where no criminal charges are pending. As explained herein, *assuming arguendo* that such a request is ripe, the movants have failed to establish any basis for suppression.

In response to the movants' motions, the Government argues that the agents inadvertently failed to leave a complete copy of the warrant at the three (3) locations in issue and that this omission does not rise to the level of a constitutional violation.  The Government further argues that in order to void an otherwise valid warrant, the movants must show prejudice or an intentional and deliberate disregard of the provisions of Rule 41. The Government contends that the movants cannot establish that the omission was deliberate or that they were prejudiced as a result.  According to the Government, a copy of "attachment A" was served with the warrant at the Thomasville location; thus, the movants were well aware of the contents of "attachment A".  Plus, no prejudice has been established because even if "attachment A" had been served along with the warrants at the Atmore and Monroeville locations, the searches would have still proceeded. The Government also contends that the searches were conducted pursuant an ongoing criminal investigation and that an evidentiary hearing would compromise the investigation, as would requiring the Government to return the items seized. Finally, the Government asserts that it is in the process of copying much of the data that was seized and is willing to work with counsel for the movants in determining those records and data that can be returned at this juncture.

**Analysis**

The Fourth Amendment requires that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This requirement is aimed at preventing "'general, exploratory rummaging in a person's belongings.' ... 'A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized.'" United States v. Wuagneux, 683 F.2d 1343, 1348 (11th Cir. 1982)(citations omitted). In Wuagneux, the defendant challenged the sufficiency of a search warrant on the ground that it failed to state with particularity the items to be seized. The district court denied the motion to suppress, and on appeal, the Eleventh Circuit concluded that an affidavit incorporated into a warrant application could cure a defect or ambiguity in the application if the affidavit was attached to the application.

Following Wuagneux, the Supreme Court, in Groh v. Ramirez, 540 U.S. 551, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004) held that a search warrant that did not describe, with particularity, the specific items to be seized, violated the Fourth Amendment. Groh involved the search of a Montana ranch by ATF agents who were looking for illegal firearms and destructive devices. While the warrant application thoroughly described the place to be searched and the types of contraband to be seized, the warrant itself did not incorporate by reference the itemized

6

list of contraband that was included in the warrant application. The warrant identified the "person or property to be searched" as a "single dwelling residence two story in height which is blue in color and has two additions attached to the east. The front entrance to the residence faces in a southerly direction." Groh, 540 U.S. at 554 n.2, 124 S. Ct. at 1288 n.2. At the conclusion of the search, the agents provided a copy of the warrant itself but not a list of the contraband to be seized.

The property owner sued on the grounds that his rights under the Fourth Amendment had been violated. While the district court found no Fourth Amendment violation, the Ninth Circuit reversed on the ground that the warrant was invalid because it failed to describe the place to be searched and items to be seized with particularity. On appeal to the Supreme Court, the Supreme Court held that "[t]he warrant was plainly invalid[,]" because it "failed altogether" to describe with particularity the persons or things to be seized. Groh, 540 U.S. at 557, 124 S. Ct. at 1289. According to the Court, the fact that the application adequately described the "things to be seized" did not save the warrant from its facial invalidity because the Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents. The Supreme Court also observed, however, that "[w]e do not say that the Fourth

7

Amendment prohibits a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant. Id. at 557-58, 124 S. Ct. at 1289-90) (citations omitted).

In Battle v. Webb, 298 Fed. Appx. 882, 2008 U.S. App. Lexis 22823 (11th Cir. 2008), the Eleventh Circuit again addressed the issue of the sufficiency of a search warrant. The plaintiff in Battle sued a workers' compensation agent for violation of his Fourth Amendment rights in connection with a search of the plaintiff's insurance business. The warrant at issue did not specify the place to be searched or the items to be seized. The warrant did, however, incorporate the agent's affidavit which identified the place to be searched and the items to be seized. When the warrant was executed, the agent left a copy of the warrant and the inventory of the items seized at the premises but did not leave a copy of the affidavit. Following the search, the plaintiff was indicted. However, the state supreme court granted a motion to suppress the evidence seized, based on the Groh decision, because the agent had failed to leave a copy of the affidavit with the property owner. As a result, the criminal charges were dropped and the civil suit ensued.

8

The district court granted a motion to dismiss the civil suit on the ground that there was no constitutional violation even though the affidavit was not attached to the copy of the warrant left at the premises. The district court also concluded that the defendant was entitled to qualified immunity because the law was not clearly established at the time of the search. On appeal, the Eleventh Circuit affirmed the dismissal and held that the plaintiff could not establish a Fourth Amendment violation because the affidavit was incorporated into the warrant and specified the places to be searched and the items to be seized. The Eleventh Circuit also affirmed the district court's finding that the defendant was entitled to qualified immunity. See also Frisby v. United States, 79 F.3d 29 (6th Cir. 1996)(where the search and seizure took place pursuant to a valid warrant and there is no allegation that the failure to serve the plaintiff with a copy of the attachment that was incorporated into the warrant was either intentional or deliberate, the search and seizure was lawful under the Fourth Amendment); United States v. Russell, 2009 U.S. Dist. LEXIS 32947 (E.D. Ky. Apr. 16, 2009)(where the attachment was appended to the warrant and application at the time warrant was issued by the judge, the failure to leave a copy of the attachment with the property owner did not establish a Fourth Amendment violation); United States v. Blowers, 2005 U.S. Dist. LEXIS

9

30527 (W.D. N.C. Nov. 21, 2005)(where agents executing search warrant left a copy of the warrant and inventory of the property that had been seized, the failure to leave the attachments to the warrant that listed items to be seized did not render search unconstitutional).

In this case, the Government has produced uncontroverted evidence that the search warrant application and the warrant that were presented to the undersigned Magistrate Judge included "attachment A," which described the items to be seized. In addition, both the search warrant application and the warrant expressly referenced and incorporated "attachment A." Accordingly, there is no question about whether the three warrants in issue were validly issued. Instead, the question is whether the failure to include "attachment A" with three of the warrants served on the movants amounted to a constitutional violation[3]. Based upon the above-referenced cases, the undersigned finds that the failure to include "attachment A" does not establish a Fourth Amendment violation because "attachment A" was incorporated into the application and the warrant and specified the items to be seized.

The inquiry does not end there. The movants also assert

---

[3] The movants concede that the warrant that included "attachment A" and that was served on the Thomasville location was validly issued and executed.

that the failure to provide "attachment A" constitutes a violation of Fed.R.Crim.P. 41 and warrants suppression of the items seized. Fed. R. Crim. P. 41 sets out the procedure for obtaining and executing a search warrant and provides a remedy in cases where evidence has been illegally obtained. In particular, Rule 41(f)(3) requires that the officer executing a search warrant give a copy of the warrant to the person whose property is searched or leave a copy of the warrant at the place where the officer took the property. The Eleventh Circuit has held that "unless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." United States v. Loyd, 721 F.2d 331, 333 (11th Cir. 1983) (citation omitted). In this case, the movants assert that the warrant that was authorized by the Magistrate Judge was not the warrant that was left at three of the premises because "attachment A" was missing; thus, a rule 41 violation occurred.

*Assuming arguendo* that the movants are correct that a rule 41 violation occurred, the undersigned finds that the movants have failed to show prejudice or that the omission of "attachment A" was either intentional or deliberate. The

11

evidence reflects that FBI agents took the lead in securing the search warrants, preparing the search warrant packages, including copying the materials, and in coordinating the search. During the copying process, "attachment A" was inadvertently omitted from the packages that were left a three of the locations. As noted supra, all agree that "attachment A" was included with the package that was left at the Thomasville location. Moreover, the movants have come forth with no evidence which establishes prejudice or that the omission of "attachment A" from the packages left at the three other locations was deliberate or intentional. Simply put, there is no evidence which suggests that the search would not have occurred had "attachment A" been included in all of the packages. Nor is there evidence that the omission was anything other than an honest mistake.

While counsel for the movants assert that Quantina Jordan, an investigator for the IRS who participated in the search, stated in a meeting conducted some three weeks after the search, that the agents were not required to leave a copy of "attachment A," counsel's assertion is unsupported by any evidence. In fact, at the evidentiary hearing, Ms. Jordan denied making the comment and testified that she did not participate in preparing the warrant packages that were to be left at the premises, and that she did not even learn that "attachment A" was

inadvertently omitted from the packages left at three of the locations until a meeting with the movants' counsel a few weeks following the search. Indeed, a FBI agent likewise testified that the FBI, not the IRS, took the lead in securing the search warrants and copying and assembling the search warrant, and testified that the failure to include "attachment A" with the warrants at three of the four locations was an inadvertent oversight. The movants presented no evidence to controvert this testimony. Accordingly, the undersigned finds that the movants have failed to present any basis for finding that the omission of "attachment A" was intentional or deliberate, or that prejudice resulted therefrom. Thus, assuming that a Rule 41 violation occurred, suppression would not be appropriate under these circumstances.

Finally, the movants also seek the return of the property that was seized. The movants assert that their efforts to operate their tax service business has been hampered due to the seizure of business records and data, and $268,900 in currency. The Government argues on the one hand that because the items seized are part of an ongoing criminal investigation, they should not be returned, and on the other hand, they assert that many of the files have been copied and that the Government has no objection to working with the movants' counsel to reach an agreement about the return of various records so that the

movants can operate their tax business. The Government, however, objects to the return of the seized currency on the ground that those funds are expected to be the subject of a forfeiture action and that the funds will be forever lost if the Government is required to return the currency to the movants at this juncture.

> Rule 41(g) provides that:
>
> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g).

The Advisory Committee Notes accompanying the 1989 amendments to what is now Rule 41(g) explains as follows: "If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable. But if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable." In addition, the Advisory Committee noted that the rule contemplates judicial action that will respect both possessory

14

and law enforcement interests. Fed.R.Crim.P. 41(g), Advisory Committee Notes to 1989 Amendments of Rule(s).

As noted supra, counsel for the Government has advised that while the records and data seized are needed in connection with an ongoing criminal investigation, a substantial portion of the records and data has been copied, and the Government is willing to return those items which are needed in the legitimate operation of the movants' tax business. In light of the Government's representation, the undersigned hereby directs counsel for the Government and for the movants to confer, face-to-face, within fifteen (15) days of this Order, regarding the return of data and records needed for the operation of movants' tax service. Counsel for the Government shall take the lead in initiating said meeting.

With respect to the currency which was seized, the Government contends that said currency will likely be subject to a forfeiture action. Based upon the Government's representations, and a review of materials submitted under seal due to the ongoing criminal investigation, the undersigned is satisfied that the funds will likely be the subject of a forfeiture action, and that release of the funds at this juncture will likely place them beyond the Government's reach. In addition, the undersigned observes that in a civil forfeiture action, the movants will be entitled to file a claim for return

15

of the funds. See United States v. Castro, 883 F. 2d 1018, 1020 (11th Cir. 1989)[4].

For the reasons discussed above, the undersigned RECOMMNEDS that the movants' motions be denied to the extent they seek to suppress evidence seized during the searches, and the return of cash seized, but be granted to the extent that Movants seek the return of various records and data which the Government has copied and is needed for the operation of the movants' tax service.

In addition, the undersigned hereby ORDERS counsel for the Government and for the movants to confer, face-to-face, within **fifteen (15)** days of this Order, regarding the return of data and records needed for the operation of movants' tax service. Counsel for the Government shall take the lead in initiating said meeting.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **19th** day of **August, 2010.**

                                       **/s/ Sonja F. Bivins**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[4] In a civil forfeiture action, the movant has the burden of establishing that she has a possessory interest in the seized funds and that she has clean hands. See United States v. Howell, 425 F.3d 971 (11th Cir. 2005)

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   *Objection.*  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

>brief in support of the objection may be deemed
>an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.